UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BETTY NANCE,**

        Plaintiff(s),        CASE NUMBER: 05-71644
                                        HONORABLE VICTORIA A. ROBERTS

v.

**JO ANNE B. BARNHART,**
**COMMISSIONER OF SOCIAL SECURITY,**

        Defendant(s).
_____/

ORDER ADOPTING REPORT
AND RECOMMENDATION

**I.     INTRODUCTION**

This matter is before the Court on the parties' cross Motions for Summary Judgment. Magistrate Judge Mona K. Majzoub recommends that the Court **GRANT** Defendant's motion and **DENY** Plaintiff's motion. For the reasons stated below, the Court **ADOPTS** the Magistrate's recommendation.

**II.    PROCEDURAL HISTORY AND FACTS**

Except as indicated below, Magistrate Majzoub adequately summarizes the relevant facts and procedural history and it is incorporated here by reference.

**III.   STANDARD OF REVIEW**

In the Social Security context, the district court reviews the decision of the Commissioner for a determination of whether the decision exceeds statutory authority or

1

is arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990); *Bowen v. Yuckert*, 482 U.S. 137, 145 (1987). This Court must review the ALJ's decision to determine whether it is supported by "substantial evidence." "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Secretary*, 889 F.2d 679, 681 (6th Cir. 1989)(*citing Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993). This standard presupposes that there is a "zone of choice" within which the ALJ may make a decision without being reversed. *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). In other words, if the Commissioner's determination is supported by substantial evidence, it must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). The Court must only review the record that was before the ALJ and cannot review the evidence *de novo,* weigh the evidence, nor make credibility determinations. *Id.*

**IV.    APPLICABLE LAW AND ANALYSIS**

There are five factors that the Social Security Administration uses to determine eligibility for benefits. Plaintiff has the burden on the first four and must establish that: 1) he is not presently engaged in gainful employment; and 2) he suffered from a severe impairment; and 3) the impairment met or was medically equal to an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; or 4) he did not have the "residual functional

capacity" ("RFC") to perform past work. *Jones v Comm'r of Soc. Security*, 336 F.3d 469, 474 (6th Cir. 2003).

If the Plaintiff satisfies his burden, the burden shifts to the Commissioner for the fifth factor to show that there is other work available in the economy that the claimant can perform. 20 C.F.R. §§404.1520(b)-(f). To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Secretary,* 820 F.2d 777, 779 (6th Cir. 1987). This substantial evidence may be in the form of vocational expert testimony, but only if the hypothetical question posed to the expert accurately portrays the claimant's individual physical and mental impairments. *Id.*

Plaintiff Betty Nance seeks disability benefits from February 5, 2002.[1] She suffers from chronic neck, back and knee pain, migraine headaches, asthma, hypertension, major depression, chronic anxiety and borderline personality disorder. In January 2001, she took a disability retirement from the Detroit Public School System, where she was employed as a bus driver for almost 15 years. At the time of her hearing before Administrative Law Judge ("ALJ") Alfred Varga, Plaintiff was 46 years old.

ALJ Varga found that Plaintiff was not disabled, within the meaning of the Social Security Act. He found that: 1) Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4; 2) her testimony regarding the extent of her limitations was not fully substantiated by the objective medical evidence; 3) Plaintiff has the residual functional

---

[1] In an apparent typographical error, Magistrate Majzoub listed the date as February 5, 2001. R&R at p. 1 n. 1.

capacity for sedentary work (under multiple conditions); and 4) that there are a significant number of jobs in the national economy.

Plaintiff appealed the decision to this Court. Plaintiff and the Defendant, JoAnn Barnhart, Commissioner of Social Security ("the Commissioner") filed cross motions for summary judgment. The motions were referred to Magistrate Majzoub for a Report and Recommendation in accordance with 28 U.S.C. §636(b)(1)(B). Plaintiff alleged that multiple errors in the ALJ's decision warrant reversal and entry of an order granting her request for disability benefits. Magistrate Majzoub found, however, that the ALJ's decision is supported by substantial evidence. Therefore, the Magistrate recommends that the Court grant the Commissioner's motion for summary judgment and deny Plaintiff's motion. Plaintiff timely filed objections to the Magistrate's recommendation.

    **a.**    **"Marked" vs "Moderate"**

Plaintiff first asserts that the Magistrate did not adequately address her claim that the ALJ erred in finding that she suffers from "moderate," rather than "marked," limitations in social functioning and concentration, persistence and pace. Plaintiff contends that the ALJ improperly discounted the opinion of her treating doctor, Dr. Adekunle Ajayi, M.D., as well as six other health care professionals, who indicated that she has functional limitations which totally disable her from work.

There is no support for Plaintiff's assertion. The physicians to which Plaintiff refers, including Dr. Ajayi, make either conflicting or conclusory statements regarding her ability to interact socially and/or concentrate. For instance, on December 7, 2002, Dr. Ajayi completed a form indicating that Plaintiff was severely functionally impaired in her ability to: interact with the public or others in the work place; concentrate to carry out

simple or complex job tasks; or, behave in a stable and reliable manner socially. (Tr. at pp. 212-213). Dr. Ajayi also stated that Plaintiff had "constant" suicidal thoughts. However, notes from Plaintiff's psychotherapy with Dr. Ajayi and another therapist, from September 2001 through May 2003, do not support this claim. The notes indicate that Plaintiff only had periodic suicidal ideations and lapses in concentration. (Tr. at pp. 218-243). More often, Plaintiff was found to have intact concentration, logical and coherent thought processes, and appropriate thought content.

Similarly, the opinions of the other physicians Plaintiff relies upon either are not well supported or are ambiguous regarding the extent of Plaintiff's limitations. Dr. Augusto Jamora, M.D., who evaluated Plaintiff after Dr. Ajayi left the facility, stated that Plaintiff was "functionally impaired." (Tr. at p. 288) However, he could not address specific work adjustment issues because he had only seen Plaintiff once. (Tr. at p. 287). And, he said that he could only *assume* from his limited contact with her that she would have difficulty functioning in any work capacity. (Tr. at p. 287). In significant contrast, however, he evaluated Plaintiff one month earlier and found: no problems with attention or concentration; appropriate thought content; logical and coherent thought processes; and, no suicidal ideation. (Tr. at pp. 289-290).

Valerie Przywara, M.A., L.L.P., was also a treating therapist who stated in August 2004 that Plaintiff's "ability to focus and concentrate due to her chronic pain and major depression limits her ability to maintain attention, concentration and focus on a reliable and consistent basis." (Tr. at p. 374). However, Ms. Przywara's treatment notes from August 2003 through January 2004 consistently indicate that Plaintiff's concentration was intact. (Tr. at pp. 267, 271, 272, 274, 278, 279).

5

One month after Ms. Przywara's evaluation, in September 2004, Dr. Lila Massoui, M.D., evaluated Plaintiff and found her to be seriously limited in her social interactions and in her ability to behave in an emotionally stable manner. (Tr. at pp. 383-384). But, Dr. Massoui made somewhat conflicting findings regarding Plaintiff's ability to concentrate. She rated Plaintiff's ability to maintain attention and concentration as "fair," but rated her ability to remember and carry out detailed, simple job instructions as "good." (Tr. at pp. 381-382).

Dr. A. Kumar, M.D., noted that, although she prefers to be alone, Plaintiff gets along well with her family. (Tr. at pp. 209-211). And, there was no indication that Plaintiff had significant difficulty with her memory, concentration or judgment.

Doctors Philip Lanzisera and Nehal Tawansy offered only conclusory assessments. Dr. Lanzisera only stated that Plaintiff has "difficulty" coping with pain and that "her perceived capacity to function is low." (Tr. at p. 286). Dr. Tawansy simply wrote the phrase "totally disabled" on a form and listed three diagnoses (chronic headache, neck and back pain; depression/anxiety; and, hypertension), without any substantive analysis. (Tr. at p. 244).

The ALJ was not obligated to defer to the opinions of treating or consulting physicians, which were conclusory and, in some instances, contradicted by the physician's own treatment records. *See Hall v Bowen,* 837 F.2d 272, 276 (6th Cir. 1988).

6

### b. Inappropriate Reliance on Non-Treating Consultant

Plaintiff's second claim of error is that the ALJ relied upon a non-treating consultant, who did not even examine Plaintiff, to find that her mental impairments only resulted in mild to moderate limitations. Plaintiff contends that the consultant (whose name is not legible) offers the only opinion which supports the ALJ's opinion. (Tr. at pp. 88-105). However, she complains that the consultant had a Ph.D. (in psychology), rather than an M.D., and that his evaluation was incomplete because it did not include a review of the medical records of her treating and examining mental health doctors.

This objection is also without merit. An ALJ is not free to disregard the opinions of mental health providers merely because they are not medical doctors. *Duncan v Barnhart*, 368 F.3d 820, 823 (8th Cir. 2004). In fact, licensed or certified psychologists are regarded as acceptable medical sources for determining whether a claimant has a medically determinable impairment. *See* 20 C.F.R. §404.1513(a)(2).

Also, the consulting psychologist's opinion was one of many factors that the ALJ considered in finding that Plaintiff only suffered moderate limitations. He explicitly referred to the opinions of two treating therapists (Dr. Ajayi and another therapist whose name is illegible), as well as three consulting physicians (Dr. Kumar, Jamora and Syed Iqbal, M.D.). (Tr. at pp. 17-19). As indicated above, Drs. Ajayi, Kumar and Jamora all observed Plaintiff to have intact concentration and logical and appropriate thought processes. And, Plaintiff told Dr. Iqbal that she spends time reading books and newspapers and watching television. The ALJ noted that Plaintiff did not indicate any comprehension difficulties during these activities.

### c.  Headaches

Plaintiff says the ALJ failed to give any weight to the opinion of Plaintiff's primary care physician, Nehal Tawansy, M.D., with regard to her claim of persistent, debilitating migraine headaches.  Dr. Tawansy's opinion consisted of a statement on a "return to work" form that Plaintiff was "totally disabled," and he simply listed her chronic headaches among three other diagnoses.  (Tr. at p. 244).  Plaintiff says the ALJ discounted Dr. Tawansy's opinion based on the erroneous assertion that she did not seek significant treatment for headaches between July 2002 and September 2003.

It is settled that treating physicians do not make the ultimate determination of disability.  *Duncan v Secretary of HHS,* 801 F.2d 847, 855 (6th Cir. 1986).  And, an ALJ is not bound by a treating physician's conclusory statement, particularly when there is substantial evidence to the contrary.  *Hall*, 837 F.2d at 276; *Hardaway v Secretary of HHS*, 823 F.2d 922, 927 (6th Cir. 1987).  "[T]he determination of disability must be made on the basis of the entire record and not on only some of the evidence to the exclusion of all other relevant evidence."  *Id.*

Here, the ALJ found that Plaintiff's treatment records contradicted her claim that she is totally disabled by her headaches (and other physical ailments).  (Tr. at pp. 16-17).  Substantial evidence supports his finding.  Plaintiff only sought treatment for migraine headaches on seven occasions between December 2002 and October 2003. (Tr. at pp.  214, 246, 248, 304, 313, 331, 338, 352).  She only complained of daily headaches in April 2003. (Tr. at pp. 214, 331).  But, after she had a procedure to relieve the pain, she reported in June 2003 that she had been headache free for approximately two months. (Tr. at p. 323).  And, in September 2003 she said that her headaches were

reasonably controlled. (Tr. at p. 310). In light of this evidence, the ALJ was not obligated to defer to Dr. Tawansy's conclusory assertion that Plaintiff was "totally disabled."

### d. Plaintiff's Credibility

In her motion for summary judgment, Plaintiff argued that the ALJ failed to give full credibility to the disabling symptoms and limitations caused by her migraines. She further argued that her credibility should have been enhanced by her stellar work record.

The Magistrate asserted, however, that there is substantial evidence to support the ALJ's finding that Plaintiff's migraines are not as severe or limiting as she claims. The Magistrate pointed out that Plaintiff's claim is undermined by objective evidence, Plaintiff's treatment record and contemporaneous medical opinions. Specifically, Dr. Iqbal found that there is no objective evidence to support her claim of disabling headaches. (Tr. at pp. 191-208); psychotherapy records indicate that Plaintiff tends to fixate on complaints of severe pain (Tr. at p. 268); and, Plaintiff reported in September 2003 that her headaches were reasonably controlled. (Tr. at p. 310).

Plaintiff points out that the Magistrate erroneously referred to Dr. Iqbal as her treating physician; he was actually a consulting physician who only examined her once. And, contrary to the Magistrate's finding, Plaintiff says the ALJ should have given controlling weight to the opinion of her treating physician, Dr. Tawansy. She also contends that her credibility should have been enhanced by her stellar work record.

The Magistrate properly rejected Plaintiff's arguments. "Since the ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to

9

credibility should not be discarded lightly and should be accorded deference." *Hardaway*, 823 F.2d at 928. Despite the Magistrate's error regarding Dr. Iqbal's status, she was correct in finding that Dr. Iqbal's opinion is one factor which supports the ALJ's assessment of Plaintiff's credibility. The ALJ was not required to give controlling weight to Dr. Tawansy's contrary opinion, because it is directly contradicted by Dr. Tawansy's own treatment records. *See Hardaway*, 823 F.2d at 927. Therefore, the Magistrate properly deferred to the ALJ's credibility determination in light of Dr. Iqbal's opinion, Plaintiff's psychotherapy records and evidence that the severity and frequency of her migraines actually decreased.

Plaintiff is correct that a claimant's stellar work history enhances a claimant's credibility. *Felisky v Brown,* 35 F.3d 1027, 1041 (6th Cir. 1994). However, work history is one of many factors an ALJ must consider. *Id*; *Schaal v Apfel*, 134 F.3d 496, 502 (2nd Cir. 1998). Here, Plaintiff's work history is not sufficient to overcome the great weight of evidence which contradicts her claim that she suffers from constant and debilitating migraine headaches.

### e. Side Effects

Plaintiff's last claim of error is that the Magistrate did not address the ALJ's failure to consider the disabling side effects of her medications (antidepressants and pain). Further, Plaintiff points out that the ALJ erroneously stated that she only takes over-the-counter medications for her migraine headaches, and that she did not complain about disabling side effects of any medication.

It is true that the ALJ incorrectly stated that Plaintiff only took over-the-counter medications for headaches. (Tr. at p. 15). But, it is not true that he failed to consider

Plaintiff's claimed side effects. The ALJ considered her claims and rejected them. He noted that she said that her medications caused drowsiness, but that there is no evidence that she complained of *disabling* side effects.

There is support for the ALJ's finding. There is no clinical evidence suggesting that Plaintiff suffered from side effects on a regular basis. Indeed, the record shows that Plaintiff only complained of drowsiness three times, during psychotherapy sessions, between December 2002 and March 2003. (Tr. at pp. 221, 226, 229). And, Dr. Tawansy only opined once in September 2003 that her complaint of dizziness on that date *may* have been attributable to her medications. (Tr. at p 246).

There also is no evidence that Plaintiff was significantly limited by side effects. Her therapists consistently found her concentration and thought processes to be intact. (Tr. at pp. 218-243, 269-282). Even when a therapist noted on one occasion after Plaintiff took pain or depression medication that her speech was slow and her eyes were partially closed, the therapist still reported that neither her concentration nor her thought processes were impaired. (Tr. at p. 228). And, as the ALJ noted, none of Plaintiff's physicians restricted her activities because of her medications.

For all of these reasons, there is substantial evidence to support the ALJ's finding that Plaintiff does not suffer from disabling medicinal side effects.

## V.   CONCLUSION

The Court **ADOPTS** the Magistrate's recommendation. Defendant's Motion for Summary Judgment is **GRANTED**. Plaintiff's Motion for Summary Judgment is **DENIED**

11

**IT IS SO ORDERED**.

                                                              s/Victoria A. Roberts
                                                              Victoria A. Roberts
                                                              United States District Judge

Dated:  September 28, 2006

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 28, 2006.

s/Linda Vertriest
Deputy Clerk

---